UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GRIFFIN,

Petitioner,

v.

CONNIE GIPSON,

Respondent.

No. 2:13-cv-2516 GGH P

ORDER

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford th costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Although the petition contains three grounds for relief, petitioner has failed to specify further details about his conviction so that the court may determine whether the petition is successive or related to his previous habeas petition filed in this court,[1] and whether the instant

[1] See Griffin v. Lewis, Civ. S. No. 2:11-1358 JKS. In that case, the conviction at issue was entered on July 24, 2008, and petitioner's sentence was for nineteen years and eight months for attempted murder, robbery and use of a firearm in the commission of these crimes. (Id., ECF No. 1 at 1, No. 17 at 1.) The instant petition describes the sentence as 65 years to life plus nineteen years and eight months for attempted murder, conspiracy, participation in a criminal street gang, kidnapping to commit robbery, robbery, burglary, and use of a firearm in the commission of these crimes. (ECF No. 1 at 2.) The three claims raised in the 2011 federal petition are different than

claims have been exhausted. See Rule 2(c), Rules Governing § 2254 Cases. Petitioner sets forth the Penal Code sections of the crimes for which he was convicted, but has not provided the date of his conviction. The petition is also confusing in that petitioner states that he currently has a post-conviction proceeding currently pending in superior court, (ECF No. 1 at 5); however, petitioner has attached a superior court decision, issued November 14, 2013, denying his petition on the same claims as presented here. (Id. at 14.) Other than this superior court opinion finding that petitioner had previously raised all three claims on direct appeal and was therefore procedurally barred, there is no indication that petitioner has exhausted his current three claims through the California Supreme Court.[2]

If petitioner's previously filed application for a writ of habeas corpus, filed on May 13, 2011, attacked the same conviction and sentence challenged in this case, the rule is that before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Without more information about petitioner's conviction, the court cannot determine whether to dismiss petitioner's application without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit, or whether to determine that it is related to the prior case.

Furthermore, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

the claims raised here.

[2] The petition does state that petitioner appeal his conviction through the California Supreme Court, but does not specify the claims raised on appeal. (ECF No. 1 at 3.)

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

A review of the petition for habeas corpus indicates that petitioner may have failed to exhaust state court remedies. It is not clear that the instant claims have been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, unless petitioner provides facts on amendment indicating that he has brought these same claims to the California Supreme Court and received a decision from that court, his petition will be dismissed without prejudice.[4]

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[5]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: December 19, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Griff2516.114

---

[4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[5] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.